IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WONCEIL CURRAN | : | CIVIL ACTION |
| | : | |
| v. | : | No. 13-6203 |
| | : | |
| SUPT. MARISOL LAMAS, et al. | : | |

**ORDER**

AND NOW, this 3rd day of June, 2014, upon careful and independent consideration of Petitioner Wonceil Curran's pro se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 and his Memorandum of Law in support thereof, and after review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski and Curran's objections thereto, it is ORDERED:

1. Curran's Objections to the Report and Recommendation (Document 5) are OVERRULED;[1]

2. The Report and Recommendation (Document 4) is APPROVED and ADOPTED;

3. Curran's petition for writ of habeas corpus (Document 1) is DISMISSED without prejudice for failure to exhaust state remedies;

4. There is no probable cause to issue a certificate of appealability; and

---

[1] As set forth in the Report and Recommendation, Curran has not demonstrated that he has exhausted his available state court remedies prior to applying for habeas relief. *See* 28 U.S.C. § 2254(b)(1). In his objections, Curran merely restates his substantive grounds for relief, but does not address the exhaustion requirement and makes no cognizable argument that he should be exempt from it. *See Heleva v. Brooks*, 581 F.3d 187, 189 (3d Cir. 2009) ("One of the threshold requirements for a § 2254 petition is that, subject to certain exceptions, the petitioner must have first exhausted in state court all of the claims he wishes to present to the district court."). Because the state court docket indicates Curran's PCRA petition is currently pending before the Pennsylvania Superior Court, Curran's petition is dismissed without prejudice. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

5. The Clerk of Court is DIRECTED to mark this case CLOSED.

            BY THE COURT:

            /s/ Juan R. Sánchez
            Juan R. Sánchez, J.